# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 799 | **DATE** | 11/16/2011 |
| **CASE TITLE** | Harlem Carpet & Tile Mart vs. Mohawk Carpet Distribution | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' motion to dismiss for failure to prosecute [21] without prejudice. The Court orders Plaintiff to remedy all outstanding discovery deficiencies by no later than 11/21/11 and to advise the Court by 11/22/11 that it has complied with this Order. Failure to comply with this Order will result in sanctions, including possible dismissal of the case for failure to prosecute. Status hearing set for 1/5/12 is stricken and reset to 11/28/11 at 8:30 a.m.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendants' Motion to Dismiss for Failure to Prosecute pursuant to Federal Rule of Civil Procedure ("Rule") 41(b) and request for attorney's fees. For the following reasons, the Court denies Defendants' motion without prejudice and orders Plaintiff to serve all outstanding written discovery on Defendants by November 21, 2011.

### FACTUAL BACKGROUND

Plaintiff Harlem Carpet & Tile Mart, Inc. ("Harlem") filed its Complaint against Defendants Mohawk Carpet Distribution, Inc. and Mohawk Carpet Transportation of Georgia, LLC (collectively, "Mohawk") in the Circuit Court of Cook County, Illinois on December 23, 2010, alleging claims for breach of contract, unjust enrichment, and fraud. (R. 1.) Harlem also seeks an accounting. (*Id.*) On February 4, 2011, Mohawk removed the case to federal court, asserting diversity jurisdiction. (*Id.*) Mohawk filed its answer on February 25, 2011. (R. 10.) Subsequently, Mohawk obtained leave from the Court to file an amended answer, affirmative defenses and counterclaim, and it filed such documents on April 20, 2011. (R. 15.)

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On March 21, 2011, Mohawk served Harlem with its First Set of Interrogatories and Requests for Production, pursuant to the Court's March 14, 2011 scheduling order. (R. 12; R. 22-1 at Exs. A and B.) On the same date, Mohawk noticed the deposition of Harlem's owner, Ralph S. Meranda, for April 29, 2011. (R. 22-1 at Ex. C.)

On April 15, 2011, the parties agreed to a reciprocal two-week extension to provide Rule 26(a) disclosures and discovery responses, such that they would be due on May 2 and May 4, 2011, respectively. (*Id.* at Ex. D.) Due to the extension, Mohawk postponed Mr. Meranda's deposition. (R. 22 at 2.) On May 4 and May 5, 2011, the parties agreed to another reciprocal extension of discovery deadlines, making both parties' discovery responses and Rule 26(a) disclosures due on May 16 and May 18, 2011, respectively. (R. 22-1 at Ex. E.)

The parties attended a status hearing before the Court on May 23, 2011, at which time the Court ordered that the parties exchange Rule 26(a)(1) disclosures by May 31, 2011. (R. 16.) Mohawk timely served its disclosures and discovery responses, but Harlem did not produce either by May 31, 2011. (R. 22 at 2.) On June 8, 2011, Mohawk's counsel sent Harlem's counsel, Bill Flotow, an email reminding him of his obligation to produce outstanding discovery. (R. 22-1 at Ex. F.) Harlem did not respond to Mohawk's counsel's email. (R. 22 at 2.) On June 13, 2011 and on June 23, 2011, Mohawk's counsel again sent emails to Harlem's counsel regarding Harlem's failure to comply with its discovery obligations. (R. 22-1, Exs. G and H.) Mohawk's counsel also left a detailed voicemail message for Harlem's counsel on June 13 regarding the same. (*Id.* ¶ 7.)

On June 27, 2011, Harlem's counsel emailed Mohawk's counsel, informing her that he had gone to the hospital on June 1, 2011 and had undergone "serious abdominal surgery" on June 4, 2011. (*Id.* at Ex. I.) He also stated that he had arrived home from the hospital on June 9, 2011 and thereafter experienced plantar fasciitis on his foot. (*Id.*) He wrote that he would return to the office full-time during the week of June 27, and that this case was at the top of his list. (*Id.*) He also stated that he intended to be in a position to exchange documents by July 1, 2011. (*Id.*)

The parties appeared before the Court on July 11, 2011 for a status hearing. Harlem's counsel advised the Court at that time that he had not produced Harlem's Rule 26(a) disclosures or discovery responses to Mohawk but that he would do so by July 15, 2011. He also told the Court about his medical issues. The Court advised Harlem's counsel that he should answer all outstanding written discovery by July 15, 2011. (R. 17.) On July 15, 2011, Harlem filed its Rule 26(a) disclosures and its uncertified answers to Mohawk's interrogatories, which Mohawk alleges were "woefully inadequate."[1] (R. 18 and 19.) Harlem did not produce its responses to Mohawk's requests for production of documents. (R. 22 at 3.)

Mohawk's counsel sent a letter to Harlem's counsel on July 26, 2011, detailing what she believed to be deficiencies in Harlem's discovery responses and requesting that Harlem supplement its discovery responses within ten days. (R. 22-1 at Ex. K.) Harlem never responded to Mohawk's letter. (R. 22 at 4.) Before the parties' September 7, 2011 status hearing before the Court, the parties met and conferred regarding Harlem's outstanding discovery. (R. 22-1, ¶ 12.) Harlem's counsel agreed to produce the requested documents and to supplement Harlem's written discovery responses. (*Id.*) Specifically, he agreed to provide written responses to Mohawk's request for production of documents, supplement Harlem's Rule 26(a) disclosures and interrogatory responses, and provide a signed verification for Harlem's interrogatory answers. (*Id.*) Harlem's counsel represented to the Court during the September 7, 2011 status hearing that he would remedy the discovery deficiencies by September 21, 2011.

---

[1] In federal court, parties are generally not to file discovery requests or responses with the Court. *See* Northern District of Illinois Local Rule 26.3.

Harlem missed the September 21, 2011 deadline. Mohawk's counsel again contacted Harlem's counsel on September 23, 2011 regarding the discovery deficiencies. (*Id.* ¶ 13.) Harlem's counsel once again agreed to provide the requested discovery and documents. (*Id.*) Mohawk's counsel still had not received the discovery responses on September 28, 2011, and she sent another email to Harlem's counsel requesting that he remedy Harlem's discovery deficiencies by October 3, 2011. (*Id.* at Ex. M.)

On October 25, 2011, Mohawk filed a motion to dismiss the case for failure to prosecute in light of Harlem's repeated failures to comply with its discovery obligations and its violation of the Court's orders. (R. 21.) On November 4, 2011, Harlem filed a response to the motion (R. 24) and amended answers to interrogatories (R. 27), which again were unsigned. Discovery is currently scheduled to close on January 9, 2012. (R. 12.)

## LEGAL STANDARD

Pursuant to Rule 41(b), a court may dismiss a claim or action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed.R.Civ.P. 41(b). "Dismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (citing *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008)). The appropriateness of a dismissal for want of prosecution "depends on all the circumstances of the case." *Kasalo*, 656 F.3d at 561(citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 641-42, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) and *Link v. Wabash R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). The factors courts should consider include "the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents." *Kasalo*, 656 F.3d at 561 (citing *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) and *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993)). Additionally, "a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case" based on discovery violations. *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003).

## ANALYSIS

A party's willful failure to prosecute an action can provide an appropriate basis for dismissal. *See In re Nora*, 417 Fed. Appx. 573, 575 (7th Cir. 2011) (citing *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000); *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). As the Seventh Circuit has held, "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break." *In re Nora*, 417 Fed. Appx. at 575 (citations omitted).

Harlem asserts that its counsel has not ignored Mohawk's discovery requests. He argues that his longer-than-anticipated recuperation from his June 2011 surgery has resulted in the delay. Harlem also asserts that Mohawk's counsel "was informed at least twice that [Harlem's counsel] had undergone surgery in June 2011 and was recuperating." (R. 24.) Notably, Harlem does not deny that it failed to comply with its discovery obligations and its own representation to the Court on September 7, 2011 that it would remedy its discovery deficiencies by September 21, 2011. Nor does it deny that some of its discovery responses are approximately seven months late.

Harlem clearly has failed to comply with its discovery obligations and has failed to follow through with its representation to the Court on September 7, 2011. Though Harlem's counsel claims that his inability to comply with discovery obligations is due to the fact that he did not resume full-time work until September after undergoing surgery in June, he has given no reason for his failure to comply with his obligations from September 2011 through the present.

Mohawk argues that it has been prejudiced by Harlem's failure to prosecute the case. Specifically, Mohawk contends that Harlem's failure to provide adequate and timely written discovery responses has precluded Mohawk from taking depositions and defending Harlem's lawsuit. Mohawk further contends that it has incurred unnecessary attorney's fees because of Harlem's counsel's repeated failure to comply with its discovery obligations. Harlem also fails to respond substantively to Mohawk's argument that it has suffered prejudice by Harlem's failure to comply with its discovery obligations.

Harlem contends that it cured the discovery deficiencies by filing amended responses to Mohawk's interrogatories on November 4, 2011, contemporaneous with its response to Mohawk's motion. Harlem again did not sign those responses as required by Rule 33(b)(5). Therefore, they are still deficient. Moreover, Harlem did not inform the Court whether it cured the deficiencies in its Rule 26(a)(1) disclosures or whether it has served written responses to Mohawk's request for production.

Despite Harlem's failure to comply with its discovery obligations, the Court declines at this time to impose the "extraordinarily harsh sanction" of dismissing the case under Rule 41(b). Harlem has produced at least some written discovery responses. Harlem's counsel's medical issues, while not the sole cause of the failure to respond timely, have nonetheless reasonably contributed to the delay. After Mohawk filed its motion, Harlem attempted, albeit unsuccessfully, to remedy the deficiencies in its interrogatory answers. Moreover, the discovery deadline in this case is two months away, and Mohawk has identified only one witness whom it intends to depose after the parties complete written discovery. Further, it is clear from other filings on the record that the parties have recently begun the process of exchanging documents–presumably, the parties will want to complete that process and have an opportunity to review those documents before they take depositions.

Although the Court denies Mohawk's motion, it orders Harlem to remedy all discovery deficiencies, to the extent it has not already done so, by November 21, 2011. Specifically, it must provide supplemental Rule 26(a) disclosures, *signed* interrogatory responses, and written responses to Mohawk's requests for production of documents. Failure to do so will result in sanctions, which may include dismissal of this action for failure to prosecute. Further, Harlem must advise the Court in writing by November 22, 2011 that it has complied with this Order.

## CONCLUSION

For the reasons set forth above, the Court denies Mohawk's motion without prejudice. The Court orders Harlem to remedy all outstanding discovery deficiencies by no later than November 21, 2011 and to advise the Court by November 22, 2011 that it has complied with this Order. Failure to comply with this Order will result in sanctions, including possible dismissal of the case for failure to prosecute.